Fang v. Holder

BIA
Vomacka, IJ
A089 915 673

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

_____

SHUNJI FANG,
> *Petitioner,*

v.                                          12-1880

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          John X. Wang, Law Offices of Wang & Associates, New York, New York.  M. Omar Chaudry, Huntington, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shunji Fang, a native and citizen of China, seeks review of an Apr. 9, 2013, decision of the BIA affirming a January 22, 2010, decision of Immigration Judge ("IJ") Alan Vomacka, denying Fang's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Shunji Fang*, No. A089 915 673 (B.I.A. Apr. 9, 2013), *aff'g* No. A089 915 673 (Immig. Ct. N.Y. City Jan. 22, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, *i.e.*, minus the arguments for denying relief that were not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency may require corroboration despite otherwise credible testimony. *See Chuilu Liu v. Holder*, 575 F.3d 193,

198 (2d Cir. 2009) (holding that "a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof"). Before denying a claim solely because of an applicant's failure to provide corroborating evidence, the IJ must: (1) identify the specific pieces of missing, relevant documentation and explain why it was reasonably available; (2) provide the petitioner an opportunity to explain the omission; and (3) assess any explanation given. *See id.; see also* 8 U.S.C. § 1158(b)(1)(B)(ii).

Here, given that Fang testified that she was detained for two weeks after she and 14 others were arrested at a religious gathering at her home, the IJ reasonably required her to provide statements from her family or fellow practitioners, as these individuals would have first-hand knowledge of these events.

Contrary to Fang's argument, the IJ did assess her explanation for the lack of corroborating evidence, and substantial evidence supports the agency's determination that her explanations were insufficient. The IJ noted that, although Fang testified that her parents were unaware of her arrest and detention, she had testified that her parents

3

cared for her daughter while she was detained, and reasonably concluded that her parents could have submitted a statement that they watched her daughter during that time period, even if not aware that Fang had been detained. As to Fang's husband's testimony that his parents did not submit a statement because they were illiterate, the IJ reasonably found that his parents could have obtained assistance in preparing a statement for the court. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (under substantial evidence standard, agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

The IJ further found that Fang had not provided any background evidence relating to religious persecution in China, and she has failed to provide any explanation for this omission. *See Chuilu Liu*, 575 F.3d at 199 (finding that an explanation for a failure to provide corroborating evidence can be made "either in a motion to reopen or on appeal to the BIA").

Fang's assertion that her husband's testimony adequately corroborated her claim is unpersuasive, as he was not in China when Fang was detained and their testimony was

4

inconsistent in several respects, including the length of Fang's detention. Accordingly, substantial evidence supports the agency's determination that Fang could reasonably provide corroborating evidence and, as she had not, she did not establish past persecution or a well-founded fear of future persecution. *See id.* at 196-99.

We will not consider Fang's challenge to the IJ's adverse credibility determination because the BIA did not affirm on this basis. *Xue Hong Yang*, 426 F.3d at 522. Fang's remaining arguments were not raised in her counseled brief to the BIA, and we decline to review them. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

Because Fang was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

5

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk